IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.,
PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION      MDL No. 2387

THIS DOCUMENT RELATES TO:

*Barbara Herrera v. Coloplast Corp.*
Civil Action No. 2:15-cv-01733

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss [ECF No. 24] filed by Coloplast Corp. ("Coloplast"). The plaintiff has responded [ECF No. 25], and the defendant has replied [ECF No. 26]. Also pending is the plaintiff's Renewed Cross-Motion for an Order to Be Relieved as Counsel [ECF No. 25], to which the defendant has responded [ECF No. 26]. Thus, both matters are ripe for my review. For the reasons stated below, the Motion to Dismiss [ECF No. 24] and the Cross-Motion for an Order to Be Relieved as Counsel [ECF No. 25] are **DENIED**.

I.  Discussion

Defendant's Motion arises from this court's Order [ECF No. 22], entered on December 1, 2017, denying defendant's first Motion to Dismiss [ECF No. 19] for plaintiff's failure to meet and confer with defendant's counsel to engage in good faith discussions about the possibility of settlement in compliance with Pretrial Order ("PTO") # 134. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of

noncompliance with discovery. *See* Order at 4–7 (applying the *Wilson* factors to the plaintiff's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by defendant, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with PTO # 134. I afforded her thirty days from the entry of the Order to meet and confer with defendant to discuss settlement, with the caveat that failure to do so may result in dismissal of her case with prejudice upon motion by the defendant.

In response to the Order, on December 19, 2017, plaintiff's counsel initiated a telephonic meet-and-confer with defendant's counsel and engaged in good faith discussions about the possibility of settlement, but was unable to reach a resolution. Pl.'s Opp'n to Def.'s Mot. to Dismiss ¶ 4 [ECF No. 25]. On February 6, 2018, defendant filed a motion to dismiss with prejudice, on the basis that plaintiff's counsel had failed to engage in the court-ordered meet-and-confer. In its reply, the defendant conceded that plaintiff's counsel had in fact communicated regarding the possibility of settlement, but continued to seek dismissal of the plaintiff's case based on the plaintiff's apparent lack of interest in pursuing her claims. Def.'s Opp'n to Pl.'s Cross-Mot. & Reply in Further Supp. of Def.'s Mot. to Dismiss ¶ 1–2 [ECF No. 26].

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

In addition, plaintiff's counsel states that "[s]ignificant differences have arisen and remain between [counsel and the plaintiff] as to the appropriate approach to our representation of her in this case, and an irrevocable breach has developed." *Id.* at ¶ 8. Therefore, plaintiff's counsel seeks leave to withdraw as counsel of record for the plaintiff.

By agreeing to appear on behalf of the plaintiff's interest in this case, counsel accepted the ethical responsibility to pursue this matter diligently and through to its conclusion. Model Code of Prof'l Responsibility r. 1.3 (Am. Bar Ass'n 1980). Similar ethical considerations "confer[] upon the client the ultimate authority to determine the purposes to be served by legal representation." *Id.* at r. 1.2. Attorneys, on the other hand, are obliged to "*abide* by a client's decisions" concerning the objectives of representation. *Id.* (emphasis added). Fundamental disagreements with a client *permits* an attorney to withdraw from the representation in certain cases, such as cases wherein the disagreement is irreconcilable. Here, the court is reluctant to grant counsel's request as it is certain to disrupt the effective administration of justice. In the absence of any persuasive argument that the present disagreement between counsel and the plaintiff, as described by counsel, is a sufficient basis to support a finding that irreconcilable differences exist—without more—I find that counsel has failed to demonstrate the requisite good cause to withdraw as counsel under Local Rule 83.4.

## II. Conclusion

Because plaintiff's counsel did in fact engage in good faith discussions about the possibility of settlement with defendant's counsel, I **FIND** that the plaintiff has made a good faith attempt at compliance with this court's December 1, 2017 Order. Therefore, it is **ORDERED** that the Defendant's Motion to Dismiss [ECF No. 24] is **DENIED.** It is further **ORDERED** that the plaintiff's Renewed Cross-Motion for an Order to Be Relieved as Counsel [ECF No. 25] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 6, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE